IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

LATHOSHIA HAILEY,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )
                                     )     Case No. 1:13-cv-001528-GBL-JFA
VERIZON COMMUNICATIONS               )
LONG TERM DISABILITY PLAN,           )
                                     )
                                     )
                Defendant.           )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Latoshia Hailey's ("Hailey") and Defendant Verizon Communications Long Term Disability Plan's ("Verizon") Cross-Motions for Summary Judgment (Docs. 17 and 20). This case involves a denial of disability benefits by Defendant Verizon, through its Plan administrator MetLife under the Employee Retirement Income Security Act ("ERISA"), after previously granting Plaintiff benefits for a limited number of days.

The issue before the Court is whether the Court should deny Plaintiff's Motion for Summary Judgment, and grant Defendant Verizon's Motion for Summary Judgment, where Plaintiff argues that Verizon, through its plan administrator MetLife, abused its discretion by unreasonably interpreting the Plan and improperly terminating Ms. Hailey's disability benefits in a manner contrary to ERISA. The Court DENIES Plaintiff Latoshia Hailey's Motion for Summary Judgment, and GRANTS Defendant Verizon's Motion for Summary Judgment, because Defendant did not abuse its discretion in determining that Plaintiff did not qualify for short-term or long-term disability benefits. First, Verizon, through MetLife, properly exercised

1

its authority in determining that Ms. Hailey was not eligible for short-term or long-term benefits based on its interpretation of its policy language and medical findings. The Court affords deference to the claim administrator's findings that Ms. Hailey's various medical conditions did not amount to functional incapacity. Second, MetLife's decision-making process was deliberate and principled. MetLife's review process was exhaustive and included the opinion of a physician retained by the insurance company and follow-up communications with Ms. Hailey's attending physicians. Third, MetLife's decision was supported by substantial evidence.

Accordingly, the Court DENIES Plaintiff Latoshia Hailey's Motion for Summary Judgment , and GRANTS Verizon's Motion for Summary Judgment.

## I.  BACKGROUND

Ms. Hailey began working for Verizon Communications as a service specialist in 1997 and became a manager in December 2005. (Verizon's Brief in Support of it Motion for Summary Judgment ¶ 13, Doc. 20.) ("Verizon Brief") Verizon Communications Long Term Disability Plan (the "Plan") is administered by MetLife ("MetLife"). (*Id.* at ¶ 12.) The plan constitutes an "employee welfare benefit plan" and is subject to various provisions of ERISA. (*Id.* at p.1.) Ms. Hailey was a participant in the Plan during all relevant periods. (*See generally id.*) Verizon is the Plan's fiduciary, however MetLife made all final determinations regarding disability. (*Id.* at ¶ 12.) There is no conflict of interest between the fiduciary Verizon and the claims administrator MetLife. (*Id.* at p.19.)

Ms. Hailey suffers from a menagerie of ailments including fibromyalgia. (Plaintiff's Brief ISO Motion for Summary Judgment p. 1, Doc. 17.) ("Hailey Brief") On April 11, 2012, Ms. Hailey underwent a hysterectomy to which she was entitled to short-term disability ("STD") benefits from April 11, 2012 through June 20, 2012. (Verizon Brief at ¶¶14-15.) Subsequently,

Ms. Hailey was also approved for STD benefits from August 20, 2012 through October 7, 2012, for self-reported pain related to her fibromyalgia, which was unrelated to her previous claim. (*Id.* ¶¶17-23.) In its approval letter for Ms. Hailey's second claim, Defendant stated that medical information supported functional impairment. (Hailey Brief p. 11.) Ms. Hailey's STD benefits from her second claim were retroactively terminated from October 7, 2012 onwards by letter dated November 8, 2012, after MetLife received additional information and continued its investigation of Plaintiff's claims. (Verizon Brief ¶ 30.)

During its investigation MetLife retained a physician and had follow-up conversations with Ms. Hailey's treating physicians. (*Id.* at ¶¶ 33-40.) Dr. Dennis Gordan, MetLife's physician, recognized Ms. Hailey's fibromyalgia, but found that there was no medical evidence to corroborate Ms. Hailey's self-reported pain and inability to perform sedentary work. (*Id.* at ¶ 30.) Notably, Ms. Hailey's records indicate that she reported having the "same," "unchanged" pain for many years, as early as March 2012. (*Id.* at ¶ 25.) Ms. Hailey not only continued to work, but was promoted during this time period. (Defendant's Opposition to Plaintiff's Motion for Summary Judgment p. 3.) ("Verizon Opposition") Additionally, Ms. Hailey reported to her physicians that she felt overwhelmed due to her promotion, adoption of a three-year-old child, and long commute. (Verizon Brief ¶ 19.)

Long-term disability (LTD) was denied to Ms. Hailey by letter dated November 9, 2012. (*Id.* at p. 31.) Ms. Hailey timely appealed on May 7, 2013. (*Id.* at ¶ 32.) By letters dated August 22 and 28, 2013, Defendant denied Ms. Hailey's appeal of its termination of STD and LTD benefits, respectively. (*Id.* at p. 21.) Ms. Hailey has complied with and exhausted all administrative appeals. (Hailey Brief p. 4.) Ms. Hailey filed a timely Complaint in this Court on December 13, 2013. (Doc. 1.)

On June 6, 2014 both parties filed motions for summary judgment. On July 9, 2014, both parties filed their respective oppositions. On September 5, 2014, oral argument was held on the Parties' Cross Motions for Summary Judgment.

## II.   STANDARD OF REVIEW

### A.   Rule 56 Summary Judgment Motion

Pursuant to  Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (2014).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247-48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (*citing Anderson*, 477 U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**B.     District Court's Review of Administrative Record**

District courts have a framework for reviewing the denial of benefits under ERISA plans. Where the terms of an employee benefit plan provide discretionary authority to determine a claimant's entitlement to benefits or to construe the terms of a plan, the fiduciary's decision is granted deference and will be overturned only where there is an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989). In such a case, the court will apply an abuse of discretion standard of review. *Feder v. Paul Revere Life Ins. Co.*, 228 F.3d 518, 522 (4th Cir. 2000). In an abuse of discretion standard of review, evidence to be considered by a district court is limited to the administrative record, which consists of the claim file and the plan documents. *Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 622, 631 (4th Cir. 2010).

In reviewing the administrative record, a district court should not disturb a reasonable administrative decision, even if the court itself would have reached a different conclusion. *Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84, 89 (4th Cir. 1996). District courts assess reasonableness by determining whether the administrative decision is the result of a deliberate, principled

reasoning process supported by substantial evidence. *Evans v. Eaton Corp.*, 514 F.3d 315, 322

(4th Cir. 2008). Accordingly, the district court reviews a denial of benefits deferentially to

determine if an abuse of discretion occurred, such that it can be shown that the determination

was arbitrary and capricious. *Firestone Tire & Rubber Co.*, 489 U.S. at 113. The non-exclusive

factors a court may consider when determining whether an abuse of discretion occurred include:

> (1) the language of the plan; (2) the purpose and goals of the plan;
> (3) the adequacy of the materials considered to make the decision
> and the degree to which they support it; (4) whether the fiduciary's
> interpretation was consistent with other provisions in the plan and
> with earlier interpretations of the plan; (5) whether the decision-
> making process was reasoned and principled; (6) whether the
> decision was consistent with the procedural and substantive
> requirements of ERISA; (7) any external standard relevant to the
> exercise of discretion; and (8) the fiduciary's motives and any
> conflict of interest it may have.

*Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353, 359 (4th Cir. 2008) (citing *Booth v. Wal-*

*Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342-343 (4th Cir.2000)). A

discretionary determination will be upheld if reasonable. *Champion*, 550 F.3d at 359.

### III. DISCUSSION

The Court DENIES Plaintiff Latoshia Hailey's Motion for Summary Judgment and

GRANTS Defendant Verizon's Motion for Summary Judgment, because Defendant Verizon did

not abuse its discretion in terminating Ms. Hailey's benefits. MetLife's decision was the result

of a deliberate and principled reasoning process and supported by substantial evidence. Verizon,

through its plan administrator MetLife, properly exercised its authority in determining that Ms.

Hailey is not eligible for short-term or long-term benefits based on its interpretation of the Plan

policy language and its outside consultant's medical findings. The Court affords deference to

MetLife's determination that Ms. Hailey's various medical conditions did not amount to

functional incapacity.

6

In reviewing the decision of an administrator with discretionary authority, the fiduciary's decision is granted deference. The administrator's decision will be overturned only where there is an abuse of discretion. *Firestone*, 489 U.S. at 109. An abuse of discretion is determined by a standard where the court analyzes whether the administrative decision is reasonable. *Haley*, 77 F.3d at 89. The Court analyzes reasonableness using non-exclusive factors including:

> (1) the language of the plan; (2) the purpose and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Champion*, 550 F.3d at 359 (4th Cir. 2008). In this case, Ms. Hailey, a plan participant in an ERISA-established plan, was denied short-term and long-term benefits after being awarded benefits for a period of time. Ms. Hailey alleges that she suffers from a variety of illnesses, including fibromyalgia. In analyzing the reasonableness of the administrator's decision, the parties numerous arguments primarily relate to four *Booth* factors, namely (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA. Accordingly, the Court looks at these four factors in reviewing the parties' Motions for Summary Judgment.

## A.    The Adequacy of the Materials (3)

The court finds that MetLife's claim decision did not abuse its discretion because the materials considered were adequate and support its findings.  The third *Booth* factor requires that the decision be supported by substantial evidence.  *Helton v. AT&T Inc.*, 709 F.3d 343, 358-59 (4th Cir. 2013).  Substantial evidence is evidence that "a reasoning mind would accept as sufficient to support a particular conclusion." *Donnell v. Metropolitan Life Ins. Co.*, 165 Fed. Appx. 288, 295 (4th Cir. 2006) (unpublished opinion)[1]; *LeFebre v. Westinghouse Elec. Corp.*, 747 F.2d 197, 208 (4th Cir. 1984).  Substantial evidence consists of "more than a scintilla but less than preponderance" of evidence. *LeFebre*, 747 F.2d at 208.

Ms. Hailey argues that MetLife's decision was not based on substantial evidence because MetLife unreasonably relied on an insurance company retained physician's findings instead of the opinions of her treating physicians whom were more "qualified." (Hailey Brief p. 25.)  Additionally, Ms. Hailey argues that MetLife failed to recognize chronic pain as a legitimate disabling condition, ignored the sum of the conditions she suffers from, and further ignored the effects of her prescriptions.

In *Donnell* plaintiff's claim for disability was also based on fibromyalgia and chronic fatigue.  MetLife, also the claim administrator there, denied plaintiffs claim finding that the illnesses were not disabling under the plan's definition.  There, a functional capacity evaluation of plaintiff concluded that Donnell could "perform up to five hours per day of light work or six hours per day of sedentary work."  The Fourth Circuit found this evidence sufficient, and held

---

[1] The Court recognizes that this is an unpublished opinion issued by the Fourth Circuit Court of Appeals prior to January 1, 2007.  However, the *Donnell* case has precedential value in relation to the material issues in this case and there is no published opinion that would serve as well.

8

that MetLife's claim decision was not unreasonable in finding that Donnell did not qualify for benefits.

Here, MetLife considered all the documentation provided by Ms. Hailey and her treating physicians, and further retained a physician to review her claim and follow-up with her treating physicians. Unlike, the plaintiff in *Donnell*, here Ms. Hailey presents no evidence of any functional capacity evaluations but asserts that her pain and tiredness render her unable to perform her job. Courts have found that "[i]t is not an abuse of discretion for an administrator to adopt the reasonably formed opinion of one doctor over another." *Frankton v. Metropolitan Life Ins. Co*, Civil No. 1:08-cv-2209, 2009 WL 3215954, *9 (D. Md. Sept. 30, 2009); *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 606 (4th Cir. 1999). Accordingly, MetLife was justified in choosing to rely on its physician's findings even if they conflicted with the opinions of Ms. Hailey's treating physicians.

Ms. Hailey's arguments that MetLife failed to recognize chronic pain as a legitimate disabling condition, ignored the sum of her conditions, and further ignored the effects of her prescriptions also fails. MetLife's physician, Dr. Dennis Gordan, whose opinion MetLife could rely, considered this evidence and found that it did not warrant the provision of benefits. It is evident that MetLife considered Ms. Hailey's chronic pain as potentially disabling. Their finding was that there was no evidence to support such a claim. Additionally, Dr. Gordan specifically asked one of Ms. Hailey's treating physicians if any other illness besides fibromyalgia contributed to Ms. Hailey's lack of capacity, to which her physician replied in the negative. (AR-H00053.) Even had the treating physician answered differently, asking the question meant that MetLife considered the sum of Ms. Hailey's conditions. During MetLife's review of Ms. Hailey's appeal Dr. Gordan reviewed a letter written by Ms. Hailey's treating

9

physician documenting Ms. Hailey's "decreased cognitive ability" due to her various medications. MetLife found this letter to be unpersuasive because no cognitive tests were done to support this conclusion. Accordingly, the Court finds that Defendant Verizon, through its plan administrator MetLife, made a decision that was based on adequate materials that supported its decision.

### B.    Fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan (4)

The Court finds that Verizon, through its plan administrator MetLife, has not abused its discretion because its interpretation of the Plan was consistent with other provisions and its earlier interpretations of the Plan. The fourth *Booth* factor requires that the fiduciary's interpretation be consistent with provisions of the plan and with any earlier interpretations. *Booth*, 201 F.3d at 342. Where there is an allegation of different treatment of claims substantively or procedurally, a court will balance these assertions against the plan provider's denial. *Wasson v. Media General, Inc.*, 446 F. Supp. 2d 579, 601 (E.D. Va. 2006). First, it must be noted that Ms. Hailey does not contend that she was treated differently than any other participant in the Plan, but only that Verizon and MetLife's earlier interpretation of her claims are inconsistent. Specifically, Ms. Hailey points to MetLife's original acceptance of her medical documentation as evidence of functional incapacity and then its later finding that the same evidence was insufficient as support for her claim. Ms. Hailey also alleges that Defendant only considered functional impairment as a disability, when the policy at issue only required an inability to do the essential functions of her job. Ms. Hailey further asserts that Defendant impermissibly ignored that she was awarded Social Security benefits and that Defendant incorrectly assumed that the capacity for isolated work is the same as the ability to work full-time consistently—which she argues is inconsistent with the Plan.

10

First, while Plaintiff did receive benefits for forty-eight (48) days based on her claim of pain and fatigue due to fibromyalgia, the awarding of benefits for a limited time does not invalidate a later determination that Ms. Hailey did not qualify for further benefits under the Plan. The Plan provides that "STD benefits generally are payable for up to 30 days" for disabilities with subjective diagnosis that are based on self-reported pain. (AR-H00665.) Further, the Plan states that benefits are payable beyond that 30 days if you have self-reported pain and you "are receiving appropriate care and treatment from a doctor" and you also "provide *objective* clinical evidence or findings that support a medical or psychiatric condition." (*Id.*) (emphasis added) The Plan itself thus contemplates that after thirty (30) days additional information is required.

Ms. Hailey argues that because her evidence was initially accepted, any later determination was improper. This is contrary to the Plan and the September 13, 2012 letter Ms. Hailey received which stated that "In the event that your disability extends beyond [October 7, 2012], you are required to contact MetLife . . . . Please have your health care provider fax . . . specific medical information in order to consider the claim for possible continuation benefits." (AR-H00495). This letter clearly indicates that in order to receive continued benefits more information would need to be reviewed. Ms. Hailey's argument thus fails because MetLife's initial provision of benefits for forty-eight (48) days did not entitle her to an award of STD or LTD benefits. Accordingly, there was no inconsistent interpretation of the Plan.

Similarly, Ms. Hailey's argument that the Plan only considered functional impairment does not provide evidence of inconsistency in the Plan's interpretation. The record indicates that MetLife considered whether plaintiff could perform the functions of her sedentary job. (AR-H00283.) Ms. Hailey's assertion that MetLife impermissibly ignored that she was awarded

11

Social Security benefits also does not provide a basis for a finding of inconsistency. The Plan
clearly states that "an approved SSDI claim does not automatically result in an approved or
denied LTD claim," so the consideration of SSDI benefits is within the discretion of the claims
administrator. (AR-H00665.)  Additionally, the record is not clear as to whether the documents
were ever submitted to or received by Verizon.  Ms. Hailey's argument that Defendant
incorrectly assumed that the capacity for isolated work is the same as the ability to work full-
time consistently does not warrant a finding of inconsistencies in the Plan's interpretation.

C.      *Whether the Decision-making Process was Reasoned and Principled (5)*

The Court also finds that Verizon, through its plan administrator MetLife, has not abused
its discretion because its decision-making process was reasoned and principled.  "An
administrator's decision is reasonable if it is the result of a deliberate, principled reasoning
process and if it is supported by substantial evidence." *Evans*, 514 F.3d at 322.  A principled
reasoning process can be determined by consideration of the complete record, reliance on
independent medical evaluations, and assessment of the claimant's vocational capacity amounted
to a principled reasoning process. *Donnell*, 165 F. App'x. at 294-95.

In *Donnell*, plaintiff similarly appealed the decision of MetLife, the administrator of her
long-term disability benefits. *Donnell*, 165 F. App'x at 292.  Upon appeal, MetLife
commissioned a physician not affiliated with Metlife to review the medical evidence in
Donnell's file. *Donnell*, 165 F. App'x at 291.  The court found that Metlife's decision-making
process was principled and reasonable because it was a genuine and thorough consideration of all
the evidence before it. *Donnell*, 165 F. App'x at 295.  Additionally, Metlife reviewed all
medical evidence that Donnell submitted, measured Donnell's vocational abilities, procured an

independent evaluation of the medical evidence, and considered all of the conditions that Donnell claimed contributed to her disability. *Id.*

Ms. Hailey argues that MetLife's decision-making process in denying her appeal was not reasoned and principled. (Hailey Opposition p. 2.) Ms. Hailey contends that MetLife did not give fair consideration to the opinions of her treating physicians and that MetLife did not rely on substantial evidence in terminating her benefits. (*Id* at pp. 2-7.) The Court finds that MetLife did not abuse its discretion because their decision-making process was reasoned and principled based on the guidelines set forth in *Donnell*. MetLife's evaluation of Ms. Hailey's appeal included an evaluation of Plaintiff's MRIs, X-ray, nerve condition test results, and a variety of medical records from Ms. Hailey's physicians.

MetLife retained an outside consultant physician, Dr. Gordan, to conduct a review of Ms. Hailey's appeal, which included reviewing the medical records of Ms. Hailey's treating physician as well as follow-up discussions with them in order to make the most principled decision. (AR 00041-58.) The reviewing physicians' statements in large part confirmed the Dr. Gordan's findings. (*Id.*) For instance, one of Ms. Hailey's treating physicians confirmed that fibromyalgia was the only illness that contributed to her impairment. (AR-H00053.) Further, her treating physician acknowledged that she was not aware that any strength or range of motion measurements had ever been taken. (*Id.*) Ms. Hailey's physician did however report in response to an inquiry from MetLife's physician, that it might be difficult for Ms. Hailey to perform her work duties due to "decreased cognitive ability." (AR-H00071.)

The Court finds that like *Donnell*, MetLife's decision-making process was reasoned and principled because upon review of Ms. Hailey's appeal of MetLife's decision, MetLife carefully and thoroughly investigated Ms. Hailey's claim using both the information that Ms. Hailey

13

claimed contributed to her disability and the evaluations of a board-certified physician. MetLife followed the terms of the Plan and determined that Ms. Hailey had not met her burden of establishing that she was disabled. Thus, the Court finds that MetLife's decision-making process was not arbitrary and capricious.

### D. Consistent with the procedural and substantive requirements of ERISA (6)

The Court also finds that Verizon, through its plan administrator MetLife, has not abused its discretion because its decision was consistent with the procedural and substantive requirements of ERISA. ERISA requires that each employee benefit plan "(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial" and that each person be given a reasonable opportunity to appeal the decision denying their claim for benefits. 29 U.S.C. § 1133. ERISA's purpose is to protect "contractually defined benefits," however, it does not "regulate the substantive content of health plans. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 752 (1985).

*Donnell*, is also instructive in an analysis of the sixth *Booth* factor. There, Donnell similarly asserted that MetLife violated procedural regulations governing benefits claims under ERISA, because its denial letters did not outline the evidence necessary to perfect her appeal. *Donnell*, 165 Fed. Appx. at 296. Donnell, also claimed, like Plaintiff does here, that her claim was decided outside the regulation's time for appeal. *Id.* In *Donnell*, the Court of Appeals Fourth Circuit held that "none of these arguments persuades [the court] to find that MetLife abused its discretion. . .[ERISA] does not direct [] plan administrators to provide claimants with a formula for obtaining benefits." *Id.* There the Court also recognized that MetLife decided Donnell's appeal outside of the allotted days but held that "we have made clear that we will not

14

find an abuse of discretion based on ERISA procedural violations absent 'a causal connection.'"
*Id.*

Here, similar to *Donnell*, Plaintiff argues that Defendant failed to provide her with a description of any additional material or information necessary for her to perfect her claim. However, it is clear from the record, as well as Ms. Hailey's own brief, that MetLife found that there was "no objective evidence" to support Ms. Hailey's claim. (AR-H00283.) Ms. Hailey sites to several cases from the Second Circuit Court of Appeals, in support of the position that "[a] denial of an appeal that is based on insufficient notice as to how the claim might be perfected fails to meet the requirements of ERISA." (Hailey Opposition p.12. citing *Cook v. New York Times Co. Long-Term Disability Plan*, 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004); *Juliano v. Health Maintenance Organization of New Jersey, Inc.*, 221 F.3d 279, 287 (2nd Cir. 2000); *Omara v. Local 32B-32-J Health Fund*, 1999 WL 184114 (E.D.N.Y. March 30, 1999))) However, this argument fails because MetLife did exactly that and further, the Fourth Circuit has previously held that a formula need not be given. *See Donnell*, 165 Fed. Appx. at 296. In its November 8, 2012 denial letter, which Plaintiff cites in her brief, MetLife states "[p]lease submit medical documentation that includes current office notices with *test results that substantiate your medical condition* as being physically disabling." (AR-H00283) (emphasis added) Here, MetLife clearly sets out that test results that substantiate the medical conditions asserted are necessary to perfect the claim and had no need to provide a formula. Accordingly, Defendant's decision was consistent with the procedural and substantive requirements of ERISA.

The Court need not consider Ms. Hailey's claim that Defendant's *post hac* arguments are irrelevant. The record provides sufficient evidence to conclude that Defendant did not abuse its discretion in denying Ms. Hailey STD or LTD benefits.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Latoshia Hailey's

Motion for Summary Judgment (Doc. 17) is **DENIED**; and it further

**ORDERED** that Defendant Verizon Communications Long Germ Disability Plan's

Motion for Summary Judgment (Doc. 20) is **GRANTED**.

**IT IS SO ORDERED**.

ENTERED this *22rd* day of October, 2014.

Alexandria, Virginia
10/ *22*/2014

_____ /s/ _____
Gerald Bruce Lee
United States District Judge

16